# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JAMES A., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner of Operations, performing duties and functions not reserved to the Commissioner of Social Security, <br><br> Defendant. | Case No. CV 18-03459-DFM <br><br> MEMORANDUM OPINION AND ORDER |

James A. ("Plaintiff") appeals from the Social Security Commissioner's final decision denying his application for Supplemental Security Income ("SSI").[1] The Commissioner's decision is affirmed and this case is dismissed with prejudice.

## I. BACKGROUND

Plaintiff filed an application for SSI on March 31, 2014 alleging disability commencing April 26, 2004. See Dkt. 14, Administrative Record

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

("AR") 177-82. After being denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). See AR 57-117. A hearing was held on March 27, 2017, and Plaintiff received an unfavorable decision on April 6, 2017. See AR 12-56.

The ALJ found that Plaintiff had the severe impairments of autism spectrum disorder and attention-deficit hyperactive disorder ("ADHD"). See AR 17. The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following limitations: must avoid public contact; could have occasional contact with peers and supervisors; must avoid work activity requiring fast-paced quotas or limited to "low stress" work activity; and limited to work activity requiring only simple, repetitive tasks. AR 18. Based on the evidence of record, the ALJ determined that Plaintiff could perform jobs that exist in significant numbers in the national economy, including cleaner, laborer, and housekeeper. See AR 23. Consequently, the ALJ concluded that Plaintiff was not disabled. See AR 24.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-6. This action followed. See Dkt. 1.

## II. DISCUSSION

The parties dispute whether the ALJ erred in (1) rejecting the opinion of Plaintiff's treating psychiatrist and (2) discrediting Plaintiff's subjective symptom testimony. See Dkt. 18, Joint Statement ("JS") at 3.

### A. Medical Evidence

Plaintiff contends the ALJ improperly dismissed the opinion of his treating psychiatrist, Dr. Marites P. Del Rosario. See JS at 3-6.

1. **Applicable Law**

Three types of physicians may offer opinions in Social Security cases: those who treated the plaintiff, those who examined but did not treat the plaintiff, and those who did neither. See 20 C.F.R. § 416.927(c). A treating physician's opinion is generally entitled to more weight than an examining physician's opinion, which is generally entitled to more weight than a nonexamining physician's. See Ghanim v. Colvin, 763 F.3d 1154, 1160 (9th Cir. 2014).

When a treating or examining physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing reasons." Carmickle v. Comm'r, SSA, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted). Where such an opinion is contradicted, the ALJ may reject it for "specific and legitimate reasons that are supported by substantial evidence in the record." Id. The ALJ can meet this burden by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986). The weight accorded to a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other factors. See 20 C.F.R. § 416.927(c).

2. **Medical Opinion**

Plaintiff started seeing Dr. Del Rosario in December 2015. See AR 469-73. Dr. Del Rosario noted that while Plaintiff exhibited nonspontaneous speech and a concrete thought process, he selectively participated in conversations, lacked the capacity for abstraction, was distracted, and avoided eye contact. See AR 469-72. Dr. Del Rosario diagnosed Plaintiff with autism spectrum disorder and ADHD, and prescribed him Abilify and Concerta. See AR 473.

In February 2016, Dr. Del Rosario noted Plaintiff's improvement, although he still demonstrated poor eye contact, slowed/decreased thought process, and downcast mood. See AR 468. In the next two visits, Dr. Del Rosario indicated that Plaintiff's progress had been delayed by his "inconsistent" and "poor" compliance with his medications, as he simply "refuse[d] to take his meds." AR 465-66. In September and November 2016, Dr. Del Rosario wrote that Plaintiff improved once he took his medication. See AR 463-64.

In February 2017, Dr. Del Rosario completed a Medical Source Statement form. She opined that Plaintiff was Category IV ("Precludes performance for more than 15% of an 8-hour workday") in most work-related activities, that he would be absent from work more than 3 days per month, and that he would be "off task" 30% or more in a work day. See AR 475-77.

### 3. Analysis

The ALJ rejected Dr. Del Rosario's restrictive assessment. See AR 22. The ALJ explained that Dr. Del Rosario's "extreme limitations are simply not supported by [her] progress notes," which showed that Plaintiff's condition "significantly improved since he has remained complaint with medications." Id.

The ALJ's findings are supported by substantial evidence. Although Dr. Del Rosario has been Plaintiff's treating psychiatrist for almost two years, there are few progress notes. For the most part, it appears that Dr. Del Rosario saw Plaintiff for the purpose of adjusting his medications. See, e.g., AR 465-66. Otherwise, the progress notes do not contain much in the way of specific clinical findings and generally do not support the extreme limitations Dr. Del Rosario later imposed. In November 2016 (the most recent visit on file), for example, Dr. Del Rosario wrote that Plaintiff displayed a stable mood, neutral affect, and showed insight and judgment. See AR 463. Additionally, Dr. Del

Rosario's notes show marked improvements after Plaintiff finally committed to taking his medications. Compare AR 469 (December 2015 visit), with AR 463 (November 2016 visit). "Impairments that can be controlled effectively with medication are not disabling." Warre v. Comm'r, SSA, 439 F.3d 1001, 1006 (9th Cir. 2006). Nevertheless, and despite limited treatment notes that trended toward improvement, Dr. Del Rosario opined that Plaintiff was severely limited in virtually all work-related mental health categories. See AR 475-77. Given the medical evidence, however, the ALJ reasonably rejected her extreme and conclusory opinion. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ may reject a treating physician's opinion if it is "brief, conclusory, and inadequately supported by clinical findings").

**B.     Subjective Symptom Testimony**

Plaintiff contends the ALJ failed to provide clear and convincing reasons to reject his testimony. See JS at 11-13.

**1.      Law**

The Court engages in a two-step analysis to review the ALJ's evaluation of a claimant's symptom testimony. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (citation omitted). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" Id. at 1014-15 (quoting Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). If the ALJ's credibility finding is supported by substantial

evidence in the record, the reviewing court "may not engage in second-guessing." Thomas, 278 F.3d at 959 .

2. **Testimony**

In his disability application, Plaintiff alleged he could not work due to autism, ADHD, and bipolar disorder. See AR 190. At the hearing, Plaintiff testified that he briefly worked in maintenance, but was unable to do the job because he could not handle its repetitive nature or being around other people. See AR 32-33. He testified that an aide comes to his home twice a week to work on independent living skills. See AR 33-34. He testified that he performs chores around the house such as cleaning and laundry, but needs constant reminders. See AR 35, 40. He testified that he spends most of his day playing video games. See AR 36.

3. **Analysis**

The ALJ found Plaintiff was not credible about his limitations. The ALJ explained that the "objective medical evidence is reasonably consistent with the [RFC] findings contained herein, and is inconsistent with the allegations of disabling mental or neurological impairments." AR 20. The ALJ then went through the medical evidence, noting that while the early evidence pre-dating Plaintiff's application for SSI documented significant findings, his condition appeared to improve dramatically. See AR 20-21.

Substantial evidence supports the ALJ's finding that the medical evidence was inconsistent with Plaintiff's testimony. Although there is ample evidence during Plaintiff's childhood demonstrating fairly severe mental and neurocognitive impairments, the evidence drops off considerably after 2010. Indeed, there is almost no evidence that Plaintiff received treatment between 2010 or 2014 or had any disabling limitations, and the majority of recent

examinations and testing revealed largely normal or mild issues.² See AR 365-84, 439-61. However, the ALJ was not entitled to reject Plaintiff's symptom testimony on this basis alone. See Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) (holding that the ALJ "may not disregard [a claimant's testimony] solely because it is not substantiated affirmatively by objective medical evidence").

Nevertheless, even were the Court to find that the ALJ erred in assessing Plaintiff's testimony, such error would be harmless. See Molina v. Astrue, 674 F.3d 1104, 1122 (9th Cir. 2012) (explaining that an error in the context of the Social Security Act is harmless if it is "inconsequential to the ultimate nondisability determination in the context of the record as a whole") (internal quotation omitted). Plaintiff testified that he had problems being around other people and needed constant reminders to complete tasks. See AR 32-35, 40. The ALJ's RFC determination limited Plaintiff to no public contact, occasional contact with peers and supervisors, and only "low stress" work activity. AR 18. Because Plaintiff's testimony does not appear to describe limitations beyond those the ALJ imposed, any error in discrediting Plaintiff did not alter the ultimate nondisability determination.

---

² Plaintiff argues that his testimony is corroborated by medical records from his treating psychologists, Drs. Del Rosario and John Beck. See JS at 12-14. As to Dr. Beck, the ALJ gave his opinion no weight because his treatment notes were inconsistent and he did not have a longitudinal history with Plaintiff. See AR 20. Plaintiff does not challenge these findings. And as previously explained, the ALJ properly rejected Dr. Del Rosario's opinion.

## III. CONCLUSION

The decision of the Social Security Commissioner is affirmed and this case is dismissed with prejudice.

IT IS SO ORDERED.

Date: June 7, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge